UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| APRIL PAW,<br><br>               Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | 1:23-CV-01018-CBK<br><br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner pleaded guilty to conspiracy to distribute methamphetamine and was sentenced on May 16, 2022, to 151 months imprisonment. 1:20-cr-10040-CBK. She appealed to the United States Court of Appeals for the Eighth Circuit. Her conviction and sentence were affirmed on June 13, 2023. She filed a petition for a writ of certiorari to the United States Supreme Court. The petition was denied on October 10, 2023. She has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner also filed an application to proceed *in forma pauperis* without the prepayment of the filing fee. Pursuant to the Advisory Committee Notes to Rule 3 of the Rules Governing § 2255 Proceedings for the United States District Courts, "[t]here is no filing fee required of a movant under these rules."

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### DECISION

Petitioner contends that she received ineffective assistance of counsel in violation of her rights under the Sixth Amendment to the United States Constitution. Petitioner contends that counsel was ineffective in failing to properly inform her of the consequences she was facing by pleading guilty, failing to investigate the facts of her case, and failing to make proper objections at sentencing.

To support a claim of ineffective assistance of counsel, a two-prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). In the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir.2001), (*quoting* Hill v. Lockhart, 474 U.S. 52, 59 (1985). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

## I. Plea Advice.

Petitioner contends that, during plea negotiations, she received erroneous advice as to the mandatory minimum penalty she faced. She contends that counsel told her that her sentence would be 87 months but nor more than 108 months. The Eighth Circuit has held that counsel's incorrect estimate of the offense severity, sentencing range, or possibility of a sentencing enhancement was not, standing alone, ineffective assistance of counsel. Thomas v. United States, 27 F.3d 321, 326 (8th Cir. 1994) (citing cased from other Circuit Courts); United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009).

2

Petitioner's waiver of her Constitutional right to insist the charges against her be tried to a jury can only be waived by a guilty plea that is "voluntary" and "intelligent." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998) (*citing* Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). The United States Supreme Court has set forth the standard as to voluntariness:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or [her] own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Brady, 397 U.S. at 755, 90 S.Ct. at 1472.

The plea agreement contains the fact that the mandatory minimum sentence is ten years and petitioner testified at her change of plea hearing that she understood that. Petitioner was fully advised by me of the consequences of pleading guilty and I found on the record at the plea hearing that her plea was voluntary. Nothing in the motion to vacate shows otherwise.

A plea is intelligently made where the petitioner "was advised by competent counsel, she was made aware of the nature of the charge against her, and there was nothing to indicate that she was incompetent or otherwise not in control of her mental faculties." Brady, 397 U.S. at 756, 90 S.Ct. at 1473. I found at the change of plea hearing that petitioner was competent to enter a guilty plea. Notwithstanding any advice given or not given to petitioner by counsel prior to the entry of her guilty plea, I fully advised petitioner of the consequences of pleading guilty prior to the entry of her plea.

The Supreme Court has stated that habeas corpus relief functions "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley, 523 U.S. at 620, 118 S.Ct. at 1610. The factual basis statement signed by petitioner states that she conspired to distribute 500 grams or more of a mixture or substance containing methamphetamine. During the

3

presentence interview, petitioner again agreed with the factual basis statement and accepted responsibility for that offense. There is no risk in this case that petitioner, though she pleaded guilty, is innocent. Petitioner cannot show that, absent a claimed error in the advice she received about the consequences of pleading guilty, she would have denied she committed the offense and would have proceeded to trial.

Petitioner's claims that counsel failed to advise her that she was subject to a mandatory minimum penalty of 120 months are contrary to the record. Petitioner testified under oath at the change of plea hearing that no person made promises, other than what was in the plea agreement, to induce her to plead guilty. She testified that no person had threatened her in any way to get her to agree to the plea agreement, that other than what was in the plea agreement, no promises were made to her, no person promised her what sentence she would receive, and that she was fully satisfied with the advice given by counsel. She never brought to the Court's attention any concern over the advice she was given to plead guilty. Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (citing Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

Petitioner cannot show that she was prejudiced by any alleged failure by counsel to properly calculate the probable sentencing guideline range. I advised her at the change of plea hearing that I could impose any sentence I found to be reasonable as long as the sentence did not exceed the statutory maximum penalty of life imprisonment and petitioner testified, under oath, that she understood that. Petitioner cannot show that there is a "reasonable probability that, but for counsel's alleged failure [to properly advise her what sentence she may receive] the result of the proceeding would have been different." Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 2009). In fact, if petitioner had not entered a guilty plea and had instead gone to trial and had been convicted on the only count in the indictment, her sentence would likely have been the same, or perhaps higher (depending upon the amount of drugs attributed to her). As set forth previously, there is

4

no risk that petitioner is innocent of the crime of conspiracy to distribute methamphetamine. There is nothing in the record or in the petition that would show petitioner had any chance of an acquittal had she gone to trial. She has not raised any inference that she would have been acquitted had she elected to proceed to trial but for the alleged advice as to the penalty she faced.

## II. Assistance of Counsel at Sentencing.

Petitioner contends that counsel was ineffective at sentencing in that he failed to investigate claimed false allegations set forth in the presentence report that she continued selling narcotics from jail while awaiting trial and that he failed to object to those allegations at sentencing. Those allegations were relied upon by the Court in imposing a criminal history upward departure in her sentence. The motion fails to set forth "sufficient allegations of facts which, if true, would justify relief." *See* Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980). "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978).

Petitioner's guideline calculation resulted in a range of 87 – 108 months but she was subject to a mandatory minimum sentence of 120 months. The Court upwardly departed pursuant to Guidelines § 4A1.3 from Criminal History Category I to Category IV, resulting in a range of 121 – 151 months. She was sentenced at the top of that range.

Counsel for petitioner argued at length at sentencing that the facts set forth in the Court's notice of possible upward departure were already taken into account in her guideline calculation. He further argued at length that the Court should take into account the petitioner's background, which was described by counsel during his lengthy argument. Despite her attorney's able assistance at sentencing, petitioner's relevant conduct warranted the departure.

Petitioner has not demonstrated that counsel was ineffective or that petitioner suffered prejudice in conjunction with counsel's representation at sentencing. I made an independent determination of the Guidelines range and the sentence imposed notwithstanding the able arguments of counsel.

### III. Failure to Investigate.

Petitioner contends that counsel failed to review the evidence with her or provide
her with the government's discovery so she could review the evidence. The Eighth
Circuit has "stated that failing to interview witnesses or discover mitigating evidence may
be a basis for finding counsel ineffective within the meaning of the Sixth Amendment
right to counsel." Kramer v. Kemna, 21 F.3d 305, 309 (8th Cir. 1994). Counsel has "a
duty to make reasonable investigations or to make a reasonable decision that makes
particular investigations unnecessary." Chambers v. Armontrout, 907 F.2d 825, 828 (8th
Cir. 1990) (quoting Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. at 2066).

The United States Attorney's office has an open file policy in the District of South
Dakota. Counsel filed a request for discovery and there is nothing in the file or the
petition to indicate that the government did not comply with the request. Petitioner's
allegation that counsel was ineffective in failing to investigate is vague. She does not
offer any facts or details as to what evidence she claims counsel should have found and
she does not show how the outcome of her case would have been different.
Petitioner has failed to "articulate what exculpatory evidence could possibly have been
produced" that was not found by counsel. Id. at 309. Petitioner has failed to rebut the
strong presumption that counsel's conduct during his representation of the petitioner was
outside the wide range of professional assistance.

Petitioner's allegations as to ineffective assistance of counsel in failing to
investigate the strength of the charges against her or to allow her to review the discovery
do not detract from the finding that her plea was voluntarily and intelligently entered and
there was a factual basis for the plea as required by Fed. R. Crim. P. 11(b). Petitioner's
failure to assert any objections at her change of plea hearing that counsel failed to fully
and fairly investigate the case before advising her to plead guilty "refutes any claim of
ineffective assistance of counsel." United States v. Hughes, 16 F.3d 949, 951 (8th Cir.
1994).

## IV. Language Barrier.

Petitioner contends that there was a language barrier that made communications difficult. She claims counsel failed to secure a translator which hampered her ability to understand the legal process and what was going on in her case. She contends that counsel did not employ an interpreter in advising her concerning the plea offer.

Petitioner is a native Karen speaker. The Courts employed an interpreter at the change of plea and sentencing hearings. Petitioner stated that she understood the interpreters.

Counsel for the defendant stated at the change of plea hearing that he had gone over the indictment and plea agreement with the petitioner both in English and with the assistance of an interpreter. He stated that he had advised petitioner of her rights and the maximum penalties, had explained that the sentencing guidelines were advisory only, and that the only protection that she has is her maximum penalty of life imprisonment – all in both English and with the aid of an interpreter. Petitioner testified at her change of plea hearing that her attorney went over the indictment with her with the aid of an interpreter. At the change of plea hearing I also went over those matters with her with the aid of an interpreter and she testified that she understood all those matters.

I told her there was a mandatory minimum sentence of ten years in prison and she stated, through an interpreter, that she understood that. She also stated that she understood that any estimate in her sentence made by her attorney is only an estimate and that her sentence may be longer, and that I could sentence her above the guideline range.

She testified that her attorney went over the plea agreement with an interpreter, that she understood it, and that she was satisfied with the representation that her attorney has given her. Her claim that her language barrier interfered with counsel's representation in this case is contrary to the record.

## V. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's

allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). *Accord*, Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012).

No evidentiary hearing is necessary in this matter because it plainly appears from a review of the record that the petitioner is not entitled to relief. Petitioner's claims that counsel was ineffective, even if true, would not entitle her to relief because the petitioner cannot demonstrate that the outcome of this case would have been different had counsel performed as suggested by petitioner.

### ORDER

Summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED:

1. Petitioner's motion to proceed *in forma pauperis*, Doc. 5, is denied.

2. Petitioner's motion to vacate, set aside, or correct sentence, Doc. 1, is denied.

3. Petitioner's motion, Doc. 9, for an order to show cause is denied.

## TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner filed a motion to vacate, set aside, or correct her conviction and sentence for conspiracy to distribute methamphetamine, contending that she had received ineffective assistance of counsel. Following initial review, the motion was denied on the merits.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order denying a motion to vacate may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the

8

denial of a constitutional right.  Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

      **IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

      Dated this 27th day of February, 2024.

                     BY THE COURT:

                     CHARLES B. KORNMANN
                     United States District Judge